# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PING MAY MARITIME LLC, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION |
| | * | |
| v. | * | NO.: |
| | * | |
| JIANGSU STEAMSHIP PTE. LTD; | * | SECTION |
| JIANGSU STEAMSHIP CO. LTD; | * | |
| JIANGSU HUAXI OCEAN SHIPPING | * | JUDGE: |
| MANAGEMENT CO. LTD; and | * | |
| SPRING SUNSHINE SHIPPING LTD, | * | MAGISTRATE JUDGE: |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DECLARATION OF JOHN D. SALTZMAN

1.      My name is John D. Saltzman. I am over 21 years of age, have never been convicted of a crime, and am fully competent to make this affidavit. I have personal knowledge of the facts stated herein and they are all true and correct.

2.      I am the Director of Operations of Global Maritime Security Inc. ("GMS"), 1411 Stonebridge Dr., Gretna, LA 70056, the proposed substitute custodian in the above-referenced lawsuit, and I am authorized to make this statement on behalf of GMS.

3.      I have read the foregoing Motion to Appoint Substitute Custodian by plaintiff, Ping May Maritime, LLC, and I know the contents thereof. I am familiar with the SPRING SUNSHINE, at least to the extent of its size, type, construction material, and apparent condition. I believe that GMS has adequate manpower for the SPRING SUNSHINE and can safely keep the SPRING SUNSHINE in place of the United States

1

Marshal during the pendency of this suit and until further notice of the Court. In this regard, I affirm that GMS will perform all necessary services to properly maintain the vessel.

4.      GMS has adequate liability insurance or adequate assets to satisfy damages for loss of, or injury to, the vessel during GMS custody or damages sustained by third parties due to any negligence of GMS during its custody.

5.      GMS agrees to accept substitute custodianship of the vessel, her engines, tackle, apparel, furniture, etc., in accordance with the Order Appointing Substitute Custodian.

6.      Plaintiff will pay GMS's fees for services within the scope of its custodianship.

7.      GMS agrees to release and hold harmless and indemnify the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, from any and all liability or responsibility for claims arising from the arrest or attachment of the vessel.

8.      Based on my own personal knowledge, the information contained in the Motion to Appoint Substitute Custodian is true and correct.

9.      I declare under penalty of perjury, in accordance with 28 U.S.C. §1746, that the foregoing is true and correct.

Executed on October 30, 2020.

_____
John D. Saltzman,
Global Maritime Security, Inc.

GENERAL RULES OF CUSTODIAN (As of 21 Feb 2019)

TO ALL U.S. MARSHAL CUSTODIANS:

A CUSTODIAN:

1.  Will make sure that the deputy who places him/her in charge identifies all boundaries of responsibility and property under seizure. Designated boundaries will not be neglected nor will trespass onto other properties be allowed.

2.  Will accept instructions from United Sates Marshals Service (USMS) personnel only. No other person is authorized to issue you instructions as regards to the care and custody of seized property.

3.  Will never leave his/her post of duty without being properly relieved or instructed to do so by USMS personnel or the contracted agent of the Marshals Service.

4.  Will not consume alcohol beverages while on duty. The penalty is dismissal.

5.  Will obtain approval from USMS personnel when moving property from one area to another except in the case of an emergency. Once the property is properly moved, the Marshals Service should be notified of the new location as soon as possible.

6.  Will not allow visitors aboard the vessel. Anyone wishing to board the vessel must first contact the USMS to obtain the appropriate forms prior to boarding. There are no exceptions.

7.  Should be alert and report any unusual circumstances or situations not covered by these rules.

I HAVE READ AND UNDERSTAND THE ABOVE RULES AND WILL COMPLY WHILE ACTING AS A U.S. MARSHALS CUSTODIAN. I ACKNOWLEDGE RECEIPT OF A COPY OF THE GENERAL RULES.

_____   10.30.2020
CUSTODIAN                        DATE



U.S. Department of Justice

United States Marshals Service

*Eastern District of Louisiana*

*New Orleans, LA 70130*

Date:

## AFFIDAVIT OF CUSTODIAN

I, _John D. Seitzman_ , while acting as an appointed custodian

aboard the M/V _Spring Sunshine_ , do agree that I will comply with all of the

general rules.  Further, if something is not covered by these rules, I will contact a U.S. Marshals

Service employee at (504) 589 – 3607 during office hours of 0800hrs – 1640hrs.  After office

hours, I will call (504) 589-6079.


At no time will I leave my post or let the ship or property out of my sight without being properly

relieved.  I assume full responsibility for the safe keeping of this ship and/or property.



_____  10.30.2020
Custodian                              Date